UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 10-CV-03504-LHK |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE APPLICATION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT |
| v. | |
| TU MINH NGUYEN, individually and doing business as LANG DU CAFE, also known as SAO BIEN VIETNAMESE RESTAURANT, | |
| Defendant. | |

Plaintiff filed an ex parte application for an order extending time for an additional 60 days to serve the Summons and Complaint upon Defendant Tu Minh Nguyen, individually and doing business as Lang Du Cafe, also known as Sao Bien Vietnamese Restaurant. Having reviewed Plaintiff's papers and the relevant legal authorities, the Court DENIES Plaintiff's request without prejudice.

**I. Background**

Plaintiff filed the instant action on August 10, 2010. On November 9, 2010, Plaintiff filed an application for an extension of time to serve Defendant, stating that Plaintiff has not yet perfected service despite diligent efforts to do so. The application states that Plaintiff recently identified an alternative address for service and requests "an additional 60 days from today's date" to effect service. Pl's Ex-Parte Appl. for an Order Extending Time to Complete Service 2 ("Pl's

1

Case No.: 10-CV-03504-LHK
ORDER DENYING WITHOUT PREJUDICE APPLICATION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT

Appl."), ECF No. 9. As evidence of diligent efforts to serve, Plaintiff attaches a document detailing a single attempt to serve Defendant at a residence address on September 14, 2010. Pl's Appl. 4.

**II. Analysis**

The time for serving the summons and complaint is set forth in Federal Rule of Civil Procedure 4(m). Generally, service upon defendants must be made within 120 days after the complaint is filed. Fed. R. Civ. Pro. 4(m). However, if the plaintiff shows good cause for failure to serve within the 120-day period, the court is required to extend time for service. *Id.* Under Rule 4, a court also has discretion to extend the time for service in the absence of good cause. *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

At a minimum, "good cause" means excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). In order to demonstrate good cause, a plaintiff may be required show three factors: "(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.*; *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Absent good cause, district courts have broad, though not unlimited, discretion to extend time for service. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Ninth Circuit has not set forth specific factors to consider in making discretionary determinations under Rule 4(m). *In re Sheehan*, 253 F.3d at 513. "In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'" *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)). Courts may also consider whether the plaintiff has substantially complied with the service requirements. *Tyson v. City of Sunnyvale*, 159 F.R.D. 528, 530 (N.D.Cal. 1995).

In this case, Plaintiff does not allege that the Defendant has actual notice of the case and would suffer no prejudice from an extension, nor does Plaintiff allege that it would suffer severe prejudice if no extension is granted. Indeed, by the Court's calculation, Plaintiff has until

2

Case No.: 10-CV-03504-LHK
ORDER DENYING WITHOUT PREJUDICE APPLICATION TO EXTEND TIME TO SERVE SUMMONS AND COMPLAINT

approximately December 8, 2010, to serve Defendant even without an extension.  Plaintiff now has an alternative address at which Defendant may be served, and Plaintiff has not alleged any reason why service at this address cannot be accomplished by December 8, 2010.  It thus appears that service may be timely perfected without an extension, and Plaintiff will not face immediate dismissal, or other prejudice, if the extension is denied.  The Court therefore finds an extension of time is not warranted, either for good cause or pursuant to the Court's discretion.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to extend time for serving the summons and complaint is DENIED without prejudice.  If service cannot be timely accomplished without an extension, Plaintiff shall file a renewed motion and declaration setting forth, in detail, Plaintiff's attempts to perfect service and the reasons why an extension is necessary.

**IT IS SO ORDERED.**

Dated: November 12, 2010

_____
LUCY H. KOH
United States District Judge