UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | Case No.: 10-CV-3504-LHK |
| Plaintiff, | ORDER SOLICITING SUPPLEMENTAL BRIEFING AND VACATING MOTION HEARING |
| v. | |
| TU MINH NGUYEN, individually and doing business as LANG DU CAFE, also known as SAO BIEN VIETNAMESE RESTAURANT, | |
| Defendant. | |

Plaintiff's motion for entry of default judgment is currently set for hearing on March 31, 2011. Having reviewed the moving papers, the Court finds it appropriate to solicit further briefing from Plaintiff regarding the timeliness of its claim for violations of 47 U.S.C. § 605. Accordingly, it is hereby ORDERED that no later than April 7, 2011, Plaintiff shall file a supplemental brief, not to exceed five pages, addressing (1) when the one-year statute of limitations applicable to § 605 claims began to run in this case, and (2) any other issues applicable to the timeliness of Plaintiff's § 605 claim.

Based on the evidence submitted in support of the motion for default judgment, it appears that Plaintiff's § 605 claim is time-barred. In *DirecTV, Inc. v. Webb*, the Ninth Circuit held that the one-year statute of limitations under the California Privacy Act is properly applied to § 605 claims. 545 F.3d 837, 847-48 (9th Cir. 2008). Under federal law, a cause of action accrues, and the statute

1

of limitations begins to run, when a plaintiff knows or has reason to know of the injury that forms the basis for his action. *Id.* at 852. In this case, it appears that Plaintiff had reason to know of the injury on August 8, 2009, when its investigator learned of the unlawful conduct. *See J & J Sports Productions, Inc. v. Martinez*, No. C-09-4711 JSW (EMC), 2010 WL 1038467, at *4 (N.D. Cal. Mar. 2, 2010) ("Since J & J's investigator learned of the unlawful conduct on the day it occurred, i.e., October 6, 2007, J & J should have filed suit by October 6, 2008."). Applying the one-year statute of limitations in this manner, Plaintiff should have filed its Complaint no later than Monday, August 9, 2010. As Plaintiff did not file its Complaint until Tuesday, August 10, 2010, Plaintiff's § 605 claims appear to be time-barred.

For this reason, the Court is currently inclined to deny default judgment as to Plaintiff's § 605 claim. However, as Plaintiff's moving papers do not address the issue, the Court finds it appropriate to provide Plaintiff an opportunity for further briefing. As indicated above, Plaintiff shall file a supplemental brief addressing the timeliness of its § 605 claim no later than April 7, 2011. The motion hearing currently set for March 31, 2011 is hereby VACATED. If necessary, the Court will set a motion hearing at a later date.

**IT IS SO ORDERED.**

Dated: March 25, 2011

_____
LUCY H. KOH
United States District Judge

2

Case No.: 10-CV-03504-LHK
ORDER SOLICITING SUPPLEMENTAL BRIEFING AND VACATING MOTION HEARING