UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | Case No.: 10-CV-3504-LHK |
| Plaintiff, | ) ) | ORDER GRANTING PLAINTIFF'S |
| v. | ) | MOTION FOR DEFAULT JUDGMENT |
| TU MINH NGUYEN, individually and doing business as LANG DU CAFE, also known as SAO BIEN VIETNAMESE RESTAURANT, | ) ) ) ) ) | |
| Defendant. | ) ) | |

The Clerk of the Court entered default against Defendant Tu Minh Nguyen, doing business as Lang Du Café and Sao Bien Vietnamese Restaurant, after Defendant failed to appear or otherwise respond to the Summons and Complaint within the time prescribed by the Federal Rules of Civil Procedure. Before the Court is Plaintiff Joe Hand Promotions, Inc.'s motion for default judgment. *See* ECF No. 15. Defendant, not having appeared in this action to date, has not filed an opposition. Plaintiff's motion was originally set for hearing on March 31, 2011. However, on March 25, 2011, the Court vacated the motion hearing and requested supplemental briefing from Plaintiff regarding the timeliness of its claim under 47 U.S.C. § 605. Having read and considered Plaintiff's motion and supplemental brief, the Court finds this matter appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, the Court GRANTS Plaintiff's motion for default judgment.

1

# I. DISCUSSION

Plaintiff is a distributor of sports and entertainment programming, and alleges that it owns commercial distribution rights to broadcast the closed-circuit program, including all under-card bouts, *Ultimate Fighting Championship 101: 'Declaration'* (the "Program"), originally broadcast nationwide on Saturday, August 8, 2009. *See* Compl. ¶ 9. Plaintiff alleges that the Program was unlawfully intercepted and exhibited by Defendant, at his commercial establishment located in San Jose, California. *Id*. at ¶ 12. In August 2010, Plaintiff filed this action for violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605 and 47 U.S.C. §553, as well as violations of California law against conversion and California Business and Professions Code §17200. In the pending motion for default judgment, however, Plaintiff only seeks damages under §605 and for conversion.

Plaintiff requests $10,000.00 in statutory damages for violation of 47 U.S.C. §605(e)(3)(C)(i)(II), and $100,000.00 in enhanced damages for willful violation of 47 U.S.C. §605(e)(3)(C)(ii). With respect to its conversion claim, Plaintiff seeks $925.00, the amount Defendant would have been required to pay had he ordered the Program from Plaintiff. Once the Clerk of Court enters default, all well-pleaded allegations regarding liability are taken as true except as to the amount of damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Satisfied of its subject matter jurisdiction (federal statutes at issue) and personal jurisdiction (Defendant resides and does business in this district), the Court shall proceed to review Plaintiff's motion for default judgment.

### A.     Damages under § 605

#### 1.     Statute of Limitations

As noted above, the Court requested supplemental briefing regarding the timeliness of Plaintiff's claim for damages under 47 U.S.C. § 605. In *DirecTV, Inc. v. Webb*, the Ninth Circuit held that the one-year statute of limitations under the California Privacy Act is properly applied to § 605 claims. 545 F.3d 837, 847-48 (9th Cir. 2008). In the order requesting supplemental briefing, the Court stated that Plaintiff's § 605 claim appeared to be barred by this one-year statute of limitations. The Court reasoned that Plaintiff's investigator learned of Defendant's wrongful

2
Case No.: 10-CV-03504-LHK
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

conduct on August 8, 2009, when he witnessed the Program being broadcast at Defendant's commercial establishment.  Assuming the statute of limitations began to run on that date, Plaintiff should have filed its Complaint no later than Monday,[1] August 9, 2010.[2]  Instead, it appeared that Plaintiff did not file the Complaint until Tuesday, August 10, 2010.

In its supplemental brief, Plaintiff submits evidence suggesting that the Complaint in this case was received by the Clerk's Office on August 5, 2010.  *See* Decl. of Inesa Mamidjanyan in Supp. of Pl.'s Appl. for Default Judgment ¶¶ 6-8; Decl. of Phil Nabal & Ex. A.  In the Ninth Circuit, a complaint is deemed filed "when it is placed in the actual or constructive custody of the clerk."  *U.S. v. Dae Rim Fishery Co., Ltd.*, 794 F.2d 1392, 1395 (9th Cir. 1986).  Accordingly, if the Clerk's Office received Plaintiff's complaint by August 5, 2010, as Plaintiff claims, the § 605 claims would be timely.  A court may deny a motion for entry of default judgment where a statute of limitations defense is apparent on the face of the complaint.  *See J & J Sports Productions, Inc. v. Martinez*, 2010 WL 1038467, at *4 (citing *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).  Here, however, the declarations and evidence submitted by Plaintiff establish that the date of filing is a question of fact that cannot be determined from the face of the pleadings alone.  By failing to appear in this action, Defendant has waived the opportunity to present facts in support of an affirmative defense based upon the statute of limitations.  *See In re Estate of*

---

[1] If the statute of limitations began to run on August 8, 2009, the last day of the one-year statute of limitations period was Sunday, August 8, 2010.  However, under the Federal Rules, Plaintiff had until Monday, August 9, 2010 to file the Complaint.  *See* Fed. R. Civ. Pro. 6(1)(C) ("if the last day [of a statute of limitations period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

[2] It does not appear that either the Ninth Circuit or California district courts have conclusively addressed the question of when the one-year statute of limitations begins to run in a case of this kind.  *Compare J & J Sports Productions, Inc. v. Martinez*, No. C-09-4711 JSW (EMC), 2010 WL 1038467, at *4 (N.D. Cal. Mar. 2, 2010) ("Since J & J's investigator learned of the unlawful conduct on the day it occurred, i.e., October 6, 2007, J & J should have filed suit by October 6, 2008."), *and Joe Hand Promotions, Inc v. Alvarado*, No. 1:10-cv-00907 LJO JLT, 2011 WL 201466, at *2 (E.D. Cal. Jan. 19, 2011) (stating that statute of limitations for Program televised on May 23, 2009 expired on Monday, May 24, 2010) *with Kingvision Pay-Per-View, Ltd. v. Barron*, No. C 08-02413 JW, 2009 WL 347263, at *3 (N.D. Cal. Feb. 6, 2009) (finding that statute of limitations began to run "no later" than date of notarization "since the completion of the investigator's report should have placed Plaintiff on notice of its injury"), *and J & J Sports Productions, Inc. v. Pacis*, No. C 08-00326 JW, 2008 WL 5245281, at *3 (N.D. Cal. Dec. 15, 2008) (same).  The Court need not resolve this issue here, however.  If the Complaint was filed on August 5, 2010, as Plaintiff claims, the § 605 claims would be timely under any theory.

*Ferdinand E. Marcos Human Rights Litigation*, 978 F.2d 493, 495 n.2 (9th Cir. 1992) (statute of limitations defense is "is an affirmative defense which was waived by virtue of [defendant's] default"). For this reason, the statute of limitations does not prevent Plaintiff from seeking damages under 47 U.S.C. § 605.

### 2. Statutory Damages under Section 605(e)(3)(c)(i)(II)

Section 605(e)(3)(c)(i)(II) provides that an aggrieved party may recover a sum of not less than $1,000 and not more than $10,000 for each violation of §605(a), as the Court considers just. "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Joe Hand Promotions v. Kim Thuy Ho*, No. C-09-01435 RMW (N.D. Cal. Sept. 18, 2009) (citing cases).

Plaintiff submits evidence that a commercial license for the broadcast of the Program would have cost Defendant $925.00, based on the restaurant's 80-person capacity. *See* Pl.'s Aff. in Supp. of Pl.'s Appl. for Default Judgment ¶ 8 & Ex. 1. Alternatively, as to potential profits of Defendant, Plaintiff submits evidence that three separate head counts, at various times, revealed that the total number of patrons was 40, 40, and 47, and that there was no cover charge. *See* Decl. of Affiant, attached to Mot. for Default Judgment. As there is no evidence of how much Defendant made during the unlawful exhibition of the Program, the Court shall base statutory damages on the cost of the commercial license.

Accordingly, the Court finds that Plaintiff is entitled to $1,000.00 in statutory damages.

### 3. Enhanced Damages under Section 605(e)(3)(C)(ii)

Enhanced damages of up to $100,000 are available when the violation was committed willfully and for the purpose of commercial advantage or private financial gain. *See* 47 U.S.C. §605(e)(3)(C)(ii). In this case, there is no evidence that Defendant advertised the fight, charged a cover charge, or had a minimum purchase requirement. According to Plaintiff's investigator, Defendant had six flat-screen televisions displaying the Program. *See* Decl. of Affiant at 2. Plaintiff also submits that the broadcast was encrypted and subject to distribution rights, and thus Defendant "must have committed wrongful acts in order to intercept, receive, and broadcast the Program." Pl.'s Mot. for Default Judgment at 4. The affidavit of Joe Hand, Jr., President of Joe

1   Hand Promotions, further describes the wrongful acts required to unlawfully intercept the

2   encrypted broadcast.  *See* Pl.'s Aff. in Supp. of Pl.'s Appl. for Default Judgment ¶ 9.  These facts,

3   taken together with the uncontroverted pleadings, do suggest that Defendant acted willfully for

4   commercial advantage and private financial gain.

5      The $100,000 maximum damages available, however, are not warranted under these

6   circumstances.  Courts in the Northern District of California have found relatively modest

7   enhancements proper when the case involved a limited number of patrons and when there was a

8   cover charge.  *See, e.g.*, *Garden City Boxing Club, Inc. v. Lan Thu Tran*, 2006 U.S. Dist. LEXIS

9   71116, at *5-6 (N.D. Cal. Sept. 20, 2006) (Whyte, J.) (awarding $1,000 in statutory damages and

10  $5,000 in enhanced damages when 40 patrons were present and a $10 cover charge was imposed).

11  Here, although there was no cover charge, the Program was shown at six televisions and there were

12  at the height 47 patrons present.  In such circumstances, the Court views $3,000.00 as a reasonable

13  enhancement.[3]

14      Accordingly, the Court finds Plaintiff entitled to $3,000.00 in enhanced damages.

15  **B.      Damages for Conversion**

16      Plaintiff also seeks $925.00 in damages for conversion under California Civil Code §3336.

17  The elements of conversion are: 1) ownership of a right to possession of property; 2) wrongful

18  disposition of the property right of another; and 3) damages.  *See G.S. Rasmussen & Assoc. v.*

19  *Kalitta Flying Serv.*, 958 F.2d 896, 906 (9th Cir. 1992).  Here, Plaintiff's well-pleaded allegations

20  regarding liability, which are taken as true now that the Clerk has entered default, are sufficient to

21  entitle Plaintiff to damages.  Plaintiff alleges ownership of the distribution rights to the Program,

22  misappropriation of those rights by Defendant's unlawful interception, and damages.  *See* Compl.

23  ¶¶ 23-26.  Damages for conversion are based on the value of the property at the time of conversion.

24  *See Arizona Power Corp. v. Smith*, 119 F.3d 888, 890 (9th Cir. 1941).  Plaintiff submits evidence

---

[3] Plaintiff's counsel has submitted a supplemental declaration advising the Court that one additional action has been brought against Defendant in the United States District Court for the Northern District of California.  *See* Supplemental Decl. of Thomas Riley ¶ 4 & Ex. 1 (citing to Case Number 10-cv-4215, J&J Sports Productions, Inc. v. Nguyen).  Although J&J Sports Productions, Inc. has sought default judgment in that action, no judgment has issued as of this time.  Thus, it is not clear that Defendant is a repeat offender meriting a higher amount of enhanced damages.

that a commercial license for the broadcast of the Program would have cost Defendant $925.00, based on Defendant's 80-person establishment capacity.  *See* Pl.'s Aff. in Supp. of Pl.'s Appl. for Default Judgment ¶ 8 & Ex. 1.   Thus, Plaintiff's request is appropriate.

Accordingly, Plaintiff is entitled to $925.00 in damages for conversion.

### C.     Costs and Fees

Costs and reasonable attorney's fees are recoverable under 47 U.S.C. § 605(e)(3)(b)(iii). Plaintiff's counsel seeks recovery of fees and costs, but did not attach an affidavit of attorney's fees and costs to the motion for default judgment.  Accordingly, Plaintiff's counsel shall submit a curriculum vitae or resume, billing and cost records, and any other documents supporting his request for reasonable attorney's fees and costs by Friday, May 13, 2011.

## II. ORDER

For the reasons detailed above, Plaintiff's motion for default judgment is GRANTED. Judgment shall be entered in favor of Plaintiff Joe Hand Promotions, Inc. and against Defendant Defendant Tu Minh Nguyen, doing business as Lang Du Café and Sao Bien Vietnamese Restaurant, in the amount of $4,925.00 in total damages.  Plaintiff's counsel shall file an affidavit of attorney's fees and costs by Friday, May 13, 2011.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 2, 2011

_____
LUCY H. KOH
United States District Judge